**JERRY MOBERG & ASSOCIATES**
Jerry Moberg
jmoberg@jmlawps.com
124 Third Avenue, SW
Ephrata, WA 98823
(509) 754-2356

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
David Klein
david.klein@pillsburylaw.com
John Chamberlain
john.chamberlain@pillsburylaw.com
1200 Seventeenth Street, NW
Washington, DC 20036
(202) 663-8000

*Attorneys for Petitioners*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re Application of ZAYN AL-ABIDIN MUHAMMAD HUSAYN (Abu Zubaydah) and JOSEPH MARGULIES,<br><br>Petitioners | Misc. Case No. _____<br><br>**EX PARTE APPLICATION FOR DISCOVERY ORDER PURSUANT TO 28 U.S.C. § 1782 IN AID OF FOREIGN PROCEEDING** |

Petitioners Zayn Al-Abidin Muhammad Husayn ("Abu Zubaydah") and Joseph Margulies, by their counsel, hereby apply to the Court for an order under 28 U.S.C. § 1782(a) granting them leave to issue subpoenas to James

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782          -1-

Elmer Mitchell and John "Bruce" Jessen to produce documents and give testimony for use in an ongoing criminal investigation in Kraków, Poland.[1]

This Application is supported by the memorandum of points and authorities below, as well as the Declaration of Joseph Margulies ("Margulies Decl."). A proposed discovery order and subpoenas have been contemporaneously filed as attachments to this Application.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Overview of 28 U.S.C. § 1782

Section 1782 authorizes a federal district court to order discovery of documents and testimony for use in a foreign proceeding from any person who resides or is found in the court's district:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made … upon the

---

[1] Although Section 1782 applications are properly made *ex parte*, Petitioners have provided advance notice of this Application to counsel for Messrs. Jessen and Mitchell and will provide a courtesy copy of the Application and accompanying materials after filing.

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782           -2-

> application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

A successful application must meet three requirements: (1) the person(s) from whom discovery is sought must reside or be "found" in the district of the court issuing the discovery order; (2) the applicant must be a foreign tribunal or "interested person"; and (3) the discovery must be sought "for use in a proceeding in a foreign or international tribunal." *Govan Brown & Assocs. Ltd. v. Does 1 & 2*, No. C 10-02704 PVT, 2010 WL 3076295, *2 (N.D. Cal. Aug. 6, 2010). Because all three requirements are met here, this Application should be granted.

## II.    Factual Background

### A. Abu Zubaydah's Detention

Abu Zubaydah is a stateless Palestinian currently held in Guantánamo Bay, Cuba. Margulies Decl. ¶ 5. Joseph Margulies is his counsel. *Id.* ¶¶ 1-3. Abu Zubaydah was captured in Pakistan in March 2002 by U.S. and Pakistani agents and is now being held as an "enemy combatant." *Id.* ¶ 5. The U.S. Government initially alleged that Abu Zubaydah was the "third or fourth man" in al Qaeda and had a role in every major al Qaeda terrorist operation,

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782                    -3-

including as a planner of the attacks on September 11, 2001. *Id.*; Margulies Decl. Ex. A. However, a Senate Select Intelligence Committee report subsequently revealed that these allegations were unfounded, based on a review of contemporaneous CIA records. Margulies Decl. ¶ 5; Executive Summary of the Senate Select Committee on Intelligence – Study of the CIA's Detention and Interrogation Program, at 410-411. ("Senate Select Committee Report") (relevant excerpts appended to Margulies Decl. as Ex. B).

For several years after his capture, Abu Zubaydah was imprisoned in various CIA "black sites" in foreign countries, where he was subjected to so-called "enhanced interrogation techniques" – torture – including waterboarding, starvation, and other serious abuses. Margulies Decl. ¶¶ 7-24; *see generally* Senate Select Committee Report (describing the interrogations of Abu Zubaydah and others). Such acts of torture would be illegal on U.S. soil.[2]

---

[2] The U.S. Supreme Court and other federal courts have long cited the use of force amounting to torture, or other forms of ill treatment in custody or during interrogations, as violating rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution. Some of the practices the federal courts have condemned include whipping, slapping, depriving a victim of food

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782    -4-

or sleep, keeping him naked or in a small cell for prolonged periods, holding a gun to his head, or threatening him with mob violence. *See, e.g., Hope v. Pelzer*, 536 U.S. 730, 731, 741 (2002) (exposing prisoner to the heat of the sun and use of stress positions were cruel and unusual punishment); *DeShaney v. Winnebago*, 489 U.S. 189, 199-200 (1989) (failure to provide food and clothing violated Eighth Amendment and Due Process Clause); *Ashcraft v. Tennessee*, 322 U.S. 143, 156 (1944) (sleep deprivation violated prisoner's due process rights); *Chambers v. Florida*, 309 U.S. 227 (1940) (holding prisoner incommunicado for five days of continuous questioning violated due process rights); *Brown v. Mississippi*, 297 U.S. 278, 282, 286 (1936) (whipping suspect to coerce confession violated due process); *Moore v. Dempsey*, 261 U.S. 86, 91 (1923) (threatening prisoner with mob violence violated due process); *Bram v. United States*, 108 U.S. 532, 565 (1897) (forcing suspect to strip before interrogation contributed to violation of Fifth Amendment due process rights); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) (keeping cell constantly illuminated interfered with prisoner's sleep and violated Eighth Amendment); *Gray v. Spillman*, 925 F.2d 90, 93 (4th Cir. 1991) (beating and threatening prisoner violated Fifth and Fourteenth Amendments); *Burton v. Livingston*, 791

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782           -5-

However, the executive branch has maintained that these black sites operated beyond the protections of U.S. law. Regardless of their domestic legal status, the sites existed with the knowing complicity of the sovereign nations in which they were located. Margulies Decl. ¶ 6. Without the complicity of foreign states, the CIA's black sites could not have existed and the torture performed there would not have happened.

From December 2002 until September 2003, Abu Zubaydah was imprisoned in a black site in Stare Kiejkuty, Poland. *Id.* ¶ 7. The Senate Select Committee Report refers to this site by the alias "Detention Site Blue." *Id.* ¶ 11. In 2010, attorneys for Abu Zubaydah filed a criminal complaint in Poland seeking to hold Polish officials accountable for their complicity in Abu Zubaydah's unlawful detention and torture. *Id.* ¶ 31. However, the case closed without any prosecutions or convictions. *Id.*

In 2013, attorneys for Abu Zubaydah – including Petitioner Joseph Margulies and his Polish co-counsel, Bartłomiej Jankowski – filed an

---

F.2d 97, 99, 100-01 (8th Cir. 1986) (pointing loaded pistol at prisoner violated his substantive due process rights); *Ware v. Reed*, 709 F.2d 345, 351 (5th Cir. 1983) (custodial use of force against prisoner violated his constitutional rights).

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782         -6-

application against the Republic of Poland before the European Court of Human Rights, alleging that Poland had failed to conduct a full and proper investigation into violations of international and Polish domestic law. *Id.* ¶ 32. The court agreed that Poland's actions violated the European Convention for the Protection of Human Rights and Fundamental Freedoms, and that the investigation was inadequate; as a result, Poland reopened the criminal investigation of Polish official complicity in the operation of the black site. *Id.* ¶ 33; *Abu Zubaydah v. Poland,* No. 7511/13 (2014) (Ex. C to Margulies Decl.).

The Polish criminal investigation is charged with examining whether Polish officials violated domestic law by opening, operating, and conspiring with the United States to detain and mistreat prisoners, including Abu Zubaydah. Abu Zubaydah has the right to submit evidence in aid of the investigation through his attorneys, and the Polish prosecutor has invited counsel for Abu Zubaydah to do so. *Id.* ¶ 35.

Because Abu Zubaydah continues to be held *incommunicado* at the U.S. Naval Base at Guantánamo Bay, Cuba, he is unable to give direct testimony in the Polish criminal investigation or any other public proceeding, making it even more critical to obtain evidence from other sources. Margulies Decl. ¶ 36.

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782                -7-

**B. Respondents Mitchell and Jessen**

Respondent Mitchell is a former CIA contractor and was one of the architects of the CIA enhanced interrogation program. Margulies Decl. ¶ 12. Mitchell was the chief psychologist at the U.S. Air Force Survival, Evasion, Resistance and Escape training program at Fairchild Air Force Base, Washington. *Id.* From 2001 to 2005, Mitchell worked as an independent contractor for the CIA. *Id.* From 2005 to 2009 Mitchell was CEO of a company he co-founded with Jessen, called Mitchell, Jessen & Associates, with headquarters and offices in Spokane, Washington. Margulies Decl. ¶ 12. Mr. Mitchell resides at 20727 Lake Vienna Dr. in Land O'Lakes, Florida.

Respondent Jessen is also a former CIA contactor and, together with Mitchell, a co-architect of the CIA's enhanced interrogation program. Margulies Decl. ¶ 13. In July 2002, the CIA contracted with Jessen on Mitchell's recommendation. Margulies Decl. ¶ 14. From 2005 to 2009, Jessen was president of Mitcel, Jessen & Associates. *Id.* Jessen currently resides at 8719 South Palouse Highway in Spokane, Washington.

By their own admission as defendants in other legal proceedings, Respondents subjected Abu Zubaydah to waterboarding and other so-called "enhanced interrogation techniques." Margulies Decl. ¶ 15; *Salim v. Mitchell*,

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782                -8-

No. 2:15-CV-286-JLQ (E.D. Wash., June 21, 2016), Def.'s Am. Answer and Affirm. Defs. ¶¶ 47-53 (Ex. E to Margulies Decl.). And according to the Senate Select Committee on Intelligence's report on the CIA's detention and interrogation program, Mitchell and Jessen visited the Polish black site at least twice. Margulies Decl. ¶ 27, Ex. B at 17-18. Accordingly, Petitioners expect Respondents to have relevant documents and personal knowledge regarding the identities of Polish officials complicit in the establishment and operation of the black site and the nature of their activities. Margulies Decl. ¶ 37.

Specifically, Respondents are in a position to describe or produce evidence relating to the following: the crimes committed against Abu Zubaydah on Polish soil; the identities of all perpetrators of those crimes; the presence of Polish officials at the facility in general, and during the commission of the various crimes; agreements between Polish and U.S. officials; the identities of other witnesses to the crimes against Abu Zubaydah; contracts or other agreements between the two governments regarding interrogations of Abu Zubaydah and other victims of crimes in Poland; knowledge or documentation of the day-to-day operations of the black site, including the provision of daily necessities such as food, water, medicine, etc.; interaction with the community surrounding the black site; flight arrival and

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782 -9-

departure operations; upkeep and provision of the black site grounds; and any interaction those working on the black site may have had with the local population. Respondents' production of documents and testimony would aid the Polish prosecutors in their understanding of Polish civilian and governmental complicity in the operation of Detention Site Blue.

### III. ARGUMENT

Congress enacted Section 1782 to "facilitate the conduct of litigation in foreign tribunals, improve international cooperation in litigation, and put the United States into the leadership position among world nations in this respect." *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery (In re Bayer AG)*, 146 F.3d 188, 191-92 (3d Cir. 1998). Liberal application of Section 1782 in appropriate cases furthers the statute's twin aims of "provid[ing] efficient means of assistance to participants in international litigation in our federal courts and encourag[ing] foreign countries by example to provide similar means of assistance to our courts." *Schmitz v. Bernstein, Liebhard & Lifshitz*, 376 F.3d 79, 84 (2d Cir. 2004).

This Application presents a paradigmatic case for judicial assistance. Other attempts by Polish investigators to obtain similar discovery have been thwarted. Margulies Decl. ¶ 39. The need for discovery is particularly acute

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782            -10-

because Abu Zubaydah, who remains *incommunicado*, cannot offer direct testimony on his own behalf. And, as explained below, the three threshold requirements for granting a Section 1782 application are readily met.

### A. **Respondent Jessen resides in this district and Respondent Mitchell is "found" in this district.**

Mr. Jessen resides in Spokane, Washington, and is therefore subject to this Court's authority under Section 1782.

Mr. Mitchell is "found" in this district and is therefore also subject to this Court's authority under Section 1782. Mr. Mitchell has served as the CEO of a company headquartered in this district. Margulies Decl. ¶ 12. He is also a defendant in ongoing civil litigation in this district and is already subject to this Court's power to compel discovery from him in that matter. Additionally, although Mr. Mitchell contested the court's subject matter jurisdiction in that litigation, he did not contest that the court had personal jurisdiction over him. *Id.*, Ex. G (Def.'s Mot. to Dismiss). Because the requirement that a litigant be "found" in a district should not be more restrictive than the requirement of

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782            -11-

personal jurisdiction,[3] Mitchell is properly "found" in this district for purposes of Section 1782.

---

[3] While the Ninth Circuit does not appear to have addressed whether a litigant is "found in" a federal court district for purposes of Section 1782 in circumstances like Mr. Mitchell's, the Second Circuit has analogized the "found in" requirement to the requirement of personal jurisdiction, remarking that "the question of what it means to be found in a particular locale is already the subject of well-settled case law on territorial jurisdiction." *In re Edelman*, 295 F.3d 171, 179 (2d Cir. 2002). Given that Section 1782 "is simply a discovery mechanism and does not subject a person to liability," the court determined that the requirements for subjecting an individual to a Section 1782 order were not more stringent than those required to subject to an individual to civil suit. *Id.*; *cf. First Am. Corp. v. Price Waterhouse LLP,* 154 F.3d 16, 20 (2d Cir. 1998) (emphasis in original) ("[A] person who is subjected to *liability* by service of process far from home may have better cause to complain of an outrage to fair play than one similarly situated who is merely called upon to supply documents or testimony.").

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782            -12-

### B. Petitioners are "interested persons" under the statute.

The Supreme Court has held that the term "interested person" in the statute is broad, encompassing any individual who "possesses a reasonable interest in obtaining judicial assistance." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256-57 (2004) (citation and alteration omitted). This includes a complainant before a foreign commission who "has the right to submit information … and may proceed to court if the Commission discontinues the investigation or dismisses the Complaint." *Id.*

Here, Abu Zubaydah is the complaining victim in a criminal investigation. He has significant procedural rights in that investigation, including the right to submit evidence. Margulies Decl. ¶ 35. In short, Petitioners are precisely the types of interested persons contemplated in the statute and in the Supreme Court's *Intel* opinion.

### C. The requested discovery is for use in a criminal investigation before a foreign tribunal.

"Proceedings" qualifying for issuance of a discovery order under Section 1782 specifically include "criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). Adjudicatory proceedings need not be imminent or pending "for an applicant to invoke § 1782(a) successfully." *Intel*, 542 U.S. at 253. Indeed, as the legislative history shows, "[T]he [district]

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782           -13-

court[s] have discretion to grant assistance when proceedings are pending before investigation magistrates in foreign countries." S. Rep. No. 1580, at 7, U.S. Code Cong. & Admin. News 1964, pp. 3782, 9788.

The discovery requested in this Application falls squarely within the statute's purview. It is sought in furtherance of an ongoing criminal investigation by prosecutorial authorities in Kraków, Poland. The scope of that investigation extends to all Polish officials who were in any way involved in facilitating or permitting the existence and operation of the CIA black site in Poland. Margulies Decl. ¶ 34.

The requested discovery, which is related to Respondents' interactions with Polish officials and knowledge of Polish official actions, will be shared with Polish prosecutors "for use" in that criminal investigation. Margulies Decl. ¶ 38. Official government reports and Respondents' own admissions illustrate their central role in the implementation and oversight of that same torture program, which was conducted on Polish soil. Margulies Decl. ¶¶ 12-15. The information in Respondents' possession would be not only relevant, but essential to the progress of the Polish investigation.

Other efforts to obtain evidence regarding official conduct towards Abu Zubaydah have been substantially impeded. The U.S. government has rejected

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782                -14-

multiple mutual legal assistance requests lodged by the Polish government under the 2006 U.S.-Poland Mutual Legal Assistance Agreement, and signaled that it would ignore further requests relating to the same subject matter. Margulies Decl. ¶ 39.

### D. The Application should be granted in the exercise of the Court's discretion.

Where, as here, Section 1782's threshold requirements are met, the decision whether to grant the application rests within the district court's discretion. The Supreme Court has articulated several factors for a court to consider in determining whether to grant an application, including (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal and proceedings, and the receptivity of the foreign government, court, or agency to the assistance of the U.S. federal courts; (3) whether the application conceals an attempt to circumvent foreign proof-gathering restrictions or other public policies; and (4) whether the discovery would be unduly intrusive or burdensome. *Intel*, 542 U.S. at 264-66. All of these factors weigh in favor of granting this Application.

First, Respondents are not participants in the underlying foreign proceeding, and Polish authorities have no independent means of securing their cooperation.

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782                    -15-

Second, the Polish Prosecutor's office has invited counsel for Abu Zubaydah to submit evidence, negating any concern that the Polish government is unreceptive to the Court's assistance. Margulies Decl. ¶ 35.

Third, the Application does not seek to circumvent proof-gathering restrictions, but rather to fill a gap in foreign discovery devices – a goal firmly in line with the statute's overarching purpose of "providing efficient means of assistance to participants in international litigation in our federal courts." *Application of Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992).

Finally, the discovery sought is restricted to Respondents' oral testimony and documents within their personal possession, and is not unduly intrusive or burdensome. This is especially so in light of the potential benefit to Petitioners and the Polish prosecutorial authorities from the requested discovery. The Polish investigation represents a government's historic effort to ensure its sovereign accountability, and the accountability of individuals purporting to act on its behalf, for gross violations of international humanitarian law. Moreover, notwithstanding their own role in the events under investigation, Respondents are not and cannot be charged in those proceedings. The relatively *de minimis* burden on Respondents' resources and time is an insufficient basis for declining to aid the investigation's critical truth-seeking mission.

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782                    -16-

## CONCLUSION

WHEREFORE, Petitioners respectfully request the Court grant Petitioners leave to serve Respondents Mitchell and Jessen with the subpoenas attached to this Application.

Respectfully submitted,

Dated: May 22, 2017

 s/ *Jerry Moberg*
Jerry Moberg
jmoberg@jmlawps.com
**JERRY MOBERG & ASSOCIATES**
124 Third Avenue, SW
Ephrata, WA 98823
(509) 754-2356

David Klein
david.klein@pillsburylaw.com
John Chamberlain
john.chamberlain@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1200 Seventeenth Street, NW
Washington, DC 20036
(202) 663-8000

*Attorneys for Petitioners*

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782                -17-