UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

In Re Application of ZAYN AL-ABIDIN ) 
MUHAMMAD HUSAYN (Abu Zubaydah) )   No. CV-17-0171-JLQ
and JOSEPH MARGULIES, )
                                          ) ORDER GRANTING APPLICATION
            Petitioners. ) FOR DISCOVERY

## I. Introduction and Background

On May 22, 2017, Petitioners Zayn Al-Abidin Muhammad Husayn ("Abu Zubaydah") and Joseph Margulies filed an "Ex Parte Application for Discovery" (ECF No. 1) pursuant to 28 U.S.C. § 1782, requesting this court issue subpoenas to James Elmer Mitchell and John Jessen to produce documents and give testimony for use in an ongoing criminal investigation in Krakow, Poland. Although denominated "ex parte" the Application stated advance notice was provided to counsel for Mitchell and Jessen and a courtesy copy of the Application was provided. (ECF No. 1, p. 2). Mitchell and Jessen have not appeared in this action and have not challenged the Application for Discovery.

On May 31, 2017, the United States of America (hereafter "Government") filed a Notice of Potential Participation (ECF No. 7) and requested 30 days to evaluate the matter and determine whether to file a Statement of Interest. On June 30, 2017, the Government filed a Statement of Interest (ECF No. 11) wherein it opposes Petitioners' Application for a Discovery Order pursuant to 28 U.S.C. § 1782. Alternatively, the Government argues if the Application is granted, the court should establish a return date

ORDER - 1

on the subpoenas at least 60 days after service.

On July 21, 2017, Petitioners filed a Response (ECF No. 16) to the Government's Statement of Interest. Thereafter, on August 4, 2017, Petitioners filed a "Motion for Leave to Serve Subpoenas, or, in the Alternative, to Set Hearing Date." (ECF No. 19). This Motion was redundant, as the original Application seeks permission to serve the subpoenas. The Motion acknowledges this redundancy: "The Application itself seeks the Court's leave to serve subpoenas." The Motion further argued issuance of the subpoenas is the "beginning of a process" and any objections are properly raised via motion to quash after issuance of the subpoena.

The Government and Petitioner have now filed response and reply briefs concerning the August 4, 2017 Motion. The Government states the issues are ripe for decision. (ECF No. 21). Neither the original Application or the subsequent Motion was set for hearing with oral argument, although the Motion did request argument in the alternative. The court has determined oral argument is not necessary. Local Rule 7.1(h)(3)(B)(iv)("Court may decide that oral argument is not warranted and proceed to determine any motion without oral argument.).

## II. Discussion

Petitioners bring their request for discovery pursuant to 28 U.S.C. §1782, which provides in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court ... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

ORDER - 2

The Supreme Court has instructed the statute "authorizes but does not require, a federal district court to provide assistance to a complainant." *Intel Corp. v. AMD, Inc.*, 542 U.S. 241, 255 (2004).

Petitioner Abu Zubaydah is allegedly detained by the United States at Guantanamo Bay, Cuba. Petitioner Joseph Margulies is his attorney. Zubaydah alleges he was detained by the United States in March 2002, and has been in U.S. custody ever since. (ECF No. 1, p. 3-4). Relevant to this action, Zubaydah alleges he was detained at various CIA black sites, including at "Detention Site Blue" in Poland, from December 2002 to September 2003. (ECF No. 1, p. 6). Petitioners state there is an ongoing criminal investigation in Poland into Polish official's alleged complicity in the unlawful detention and torture of Zubaydah. (ECF No. 1, p. 6-7). Specifically, Petitioners state: "The Polish criminal investigation is charged with examining whether Polish officials violated domestic law by opening, operating, and conspiring with the United States to detain and mistreat prisoners, including Abu Zubaydah." (*Id*. at 7). Zubaydah alleges he has the right to submit evidence in that matter and has been invited by the Polish prosecutor to do so.

Petitioners state that because Zubaydah is being detained at Guantanamo Bay he cannot give direct testimony in the Poland proceeding. Petitioners state this is a "paradigmatic case for judicial assistance," and other attempts by Polish investigators to obtain similar discovery have failed.(ECF No. 1, p. 10). Petitioners argue the § 1782 statutory requirements are satisfied. Petitioners contend Jessen resides in this District and Mitchell can be "found" here, as evidenced by his participation in *Salim et al. v. Mitchell et al.*, 15-286-JLQ. Petitioners contend they are "interested persons" under the statute as Zubaydah is the complaining victim in the Polish criminal investigation and has procedural rights in that matter, including the right to submit evidence. Lastly, Petitioners state the requested discovery is for use in foreign proceedings, and § 1782 specifically references "criminal investigations conducted before formal accusation."

ORDER - 3

(ECF No. 1, p. 13). Petitioners argue granting the Application is a proper exercise of the court's discretion and argue the four *Intel* factors weigh in Petitioners' favor.

### A. Government's Statement of Interest

The United States Government argues it has a "substantial interest in the proper construction of 28 U.S.C. § 1782" and it opposes Zubaydah's Application. (ECF No. 11, p. 1-2). The Government contends the Application is an attempt to circumvent established treaty procedures. The Government argues the United States and Poland have established treaty procedures "specifically providing for the exchange of evidence for criminal investigations". However, the United States has repeatedly denied Poland's requests for information in regard to this investigation. (ECF No. 11, p. 3). The Government further asserts that some of the information may be privileged or classified and the Government "has an interest in preventing Dr. Mitchell and Dr. Jessen from confirming or denying Zubaydah's allegations to the extent any such responses would harm national security or foreign relations." (*Id*. at 3-4). The Government concedes Zubaydah has "satisfied the minimum statutory elements" under § 1782, but argues the court should exercise its discretion to deny the Application. (ECF No. 11, p. 8).

### B. The Intel Factors

The Supreme Court in *Intel Corp. v. AMD, Inc.*, 542 U.S. 241, 264 (2004), stated: "A district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Id.* at 264. The court then set forth four factors to be considered:

1) whether the person from whom discovery is sought is a participant in the foreign proceeding;

2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government to U.S. federal-court assistance;

3) whether the discovery request is an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;

ORDER - 4

4) whether the discovery request is unduly intrusive or burdensome.
*Id*. at 264-65.

Mitchell and Jessen are not participants in the Polish criminal investigation, therefore the first factor weighs in favor of Petitioners. *Id*. at 264 ("Nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). The Government concedes Mitchell and Jessen are not participants in the Polish criminal investigation, but argue "the MLAT[1] provides the Government of Poland with a legal procedure through which it can request documents and testimony from them, through the United States." (ECF No. 11, p. 14). This argument is fallacious. The Government's own brief states the United States has on numerous occasions rejected Poland's request for assistance in this matter.

As to the second factor, the nature and character of the foreign proceeding, it is a criminal investigation "being conducted by the Organized Crimes Division of the Regional Public Prosecutor's Office in Krakow." (ECF No. 2, ¶ 34). Petitioners allege the criminal investigation was re-opened after the European Court of Human Rights issued a ruling in favor of Abu Zubaydah, and found Polish officials had been complicit in his detention and torture in Poland. (*Id*. at ¶ 32-33). Petitioners allege the Polish government's receptivity to assistance is demonstrated by the prosecutor inviting counsel for Zubaydah to submit information. The Government's argument again focuses solely on the treaty process and is not convincing. The fact the Polish government has sought information through the treaty process, and been denied by the United States Government further demonstrates the Polish government would be receptive to receiving the information. The second factor weights in favor of granting the Application.

The third factor -- whether the discovery request is an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United

---

[1] Mutual Legal Assistance Treaty

ORDER - 5

1 States -- cuts both ways.  There is nothing in the materials filed with the court to indicate
2 the Application seeks to circumvent Poland's proof-gathering restrictions or policies of
3 Poland.  Rather, Zubaydah, as the Government concedes, has been invited to participate
4 in the foreign proceeding. See Government's Statement of Interest (ECF No. 11, p.
5 8)("Zubaydah has been granted 'injured person' status by the Polish Government under
6 Poland's Code of Criminal Procedure, which grants injured persons various procedural
7 and participatory rights in pending criminal investigations.")   Further, the Polish
8 government's repeated treaty requests indicate granting the Application would not offend
9 the policies of Poland, but rather, would be welcome.  The Government argues this factor
10 weighs in favor of denying the Application because granting the Application would
11 offend the policies of the United States because the United States "has denied Poland's
12 repeated MLAT requests for assistance in connection with pending criminal investigation
13 regarding alleged CIA activities." (ECF No. 11, p. 10).

14 The fourth factor – whether the discovery request is unduly intrusive or
15 burdensome – is contested and its determination premature.  Petitioners argue the
16 discovery sought is restricted to Mitchell and Jessen's "oral testimony and documents
17 within their personal possession." (ECF No. 1, p. 16).  Petitioners argue the relatively de
18 minimus burden on Respondents' time and resources is outweighed by the potential
19 benefit to Polish prosecutorial authorities. (ECF No. 1, p. 16).  The Government argues
20 addressing the issues of classification and privilege will be unduly burdensome.  In
21 Reply, Petitioners counter the "Government cannot assert an undue burden on
22 Respondents' behalf" and the burden on the Government is "tangential". (ECF No. 16,
23 p. 3).

24 Addressing the issues of classification and privilege is premature at this time. See
25 for example *In re Letter Rogatory from Tokyo*, 539 F.2d 1216, 1219 (9th Cir. 1976)(in the
26 context of § 1782: "Similarly, it is not now appropriate to consider the possibility that
27 they may claim their Fifth Amendment privileges against testifying, as no witness has yet

28 ORDER - 6

made any claim of privilege."). The Government has only broadly invoked these concerns and has not asserted state secrets privilege. Respondents Mitchell and Jessen are not yet before the court. Section 1782(a) provides the Federal Rules of Civil Procedure apply unless otherwise ordered. Therefore, Respondents may challenge the scope of the subpoena via a motion for protective order, motion to quash, etc. See *In re Letter Rogatory from Tokyo*, 539 F.2d 1216, 1219 (9th Cir. 1976)(in the context of § 1782: "The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."). The Supreme Court in *Intel* stated that "unduly intrusive or burdensome requests may be rejected or trimmed." 542 U.S. at 265. Thus Respondents, if they believe the requests are overly burdensome, may raise that issue with the court.

At this stage in the proceedings, the United States Government, a third-party, is seeking to preemptively raise these issues when no request for discovery from the Government is pending. The Government itself may not be subject to a § 1782 request. See *Al Fayed v. C.I.A.*, 229 F.3d 272 (D.C. Cir. 2000)(holding federal government was not a "person" subject to subpoena under § 1782). From a review of the subpoenas (ECF No. 1-2 & 1-4) it is possible Respondents will have nothing responsive as to certain categories of information. For example, it may seem doubtful Respondents have documents concerning the Polish detention site's "access to Polish amenities such as water and electricity." (ECF No. 1-2, Request #9). It is not unduly burdensome to proffer a negative response. If Respondents do have responsive documents, any objection to their production can be raised when Respondents are before the court. It is the court's recollection from *Salim et al. v. Mitchell et al.*, 15-286-JLQ, Respondents claimed to not be in possession of many of the documents pertaining to the Enhanced Interrogation Program and thus Respondents sought the documents from the Government via subpoena. Respondents argued it was not unduly burdensome for the Government to undertake the various privilege and classification reviews necessary to produce the documents. There

ORDER - 7

may be objections to be made concerning the scope of the subpoena, and those objections may be appropriately addressed by Respondents. For example, the temporal scope of the subpoena may be overbroad. Documents are sought over a five-year period from 2001 to 2005, yet it is alleged Abu Zubaydah was in Poland for a 9 or 10-month period in 2002 and 2003. However, the issue of temporal scope has not been briefed and argued. The court has no conclusion at this juncture as to the appropriate scope.

### III. Conclusion

The Government agrees the minimum statutory prerequisites under § 1782 are met. The Government contends application of the *Intel* factors should lead the court to exercise its discretion and deny the Application for Discovery. The court has exercised its discretion and determined the *Intel* factors favor granting the Application for Discovery. The objections raised by the Government are premature at this point, as no discovery is being requested from the Government. Similarly, the Government has only raised unspecified hypothetical concerns regarding privilege and classification of documents.

**IT IS HEREBY ORDERED**:

1. The Application for Discovery (ECF No. 1) is **GRANTED**. The Motion for Leave to Serve Subpoenas (ECF No. 19), which is somewhat duplicative, is also **GRANTED** as set forth herein.

2. Petitioners may serve the proposed subpoenas on Respondents John Jessen and James Mitchell. The return date shall be no earlier than **28 days** after the date of service. Any motion to quash, motion for protective order, or motion to modify directed to the subpoenas shall be filed no later than **21 days** after the date of service.

3. Petitioners shall serve a copy of this Order with the subpoena.

4. Petitioners shall file proof of service within **7 days** of serving the subpoenas.

///

///

ORDER - 8

1    **IT IS SO ORDERED**.  The Clerk shall enter this Order and provide copies to
2  counsel.
3     Dated this 7th day of September, 2017.

4          s/ Justin L. Quackenbush
          JUSTIN L. QUACKENBUSH
5       SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 9