CHAD A. READLER
Acting Assistant Attorney General

JOSEPH H. HARRINGTON
Acting United States Attorney

TERRY M. HENRY
Assistant Branch Director

ANDREW I. WARDEN (IN Bar No. 23840-49)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530
Tel: (202) 616-5084
Fax: (202) 616-8470
E-Mail: andrew.warden@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE APPLICATION OF ZAYN AL-ABIDIN MUHAMMAD HUSAYN (ABU ZUBAYDAH) and JOSEPH MARGULIES | No. 17-CV-171-JLQ<br><br>UNITED STATES' MOTION TO INTERVENE<br><br>Hearing Date: Nov. 28, 2017 at 10 a.m.<br>With Oral Argument By Telephone |

UNITED STATES' MOTION TO INTERVENE

# INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 24(a), the United States of America moves the Court for leave to intervene as of right for the purpose of asserting the state secrets and related statutory privileges in support of a motion for a protective order and a motion to quash the subpoenas that Petitioner Abu Zubaydah served on Respondents Dr. James Mitchell and Dr. John "Bruce" Jessen.

This case is an action that seeks the disclosure of alleged information about the CIA's former detention and interrogation program. Abu Zubaydah, a former detainee in that program, has obtained authorization from this Court, pursuant to 28 U.S.C. § 1782, to serve deposition and document subpoenas on Dr. James Mitchell and Dr. John "Bruce" Jessen, two psychologists who worked as independent contractors for the CIA in the Agency's former program. *See* Order Granting Application for Discovery (ECF No. 23). Zubaydah seeks a broad range of information from Dr. Mitchell and Dr. Jessen about the CIA's alleged detention and interrogation activities allegedly occurring in Poland, as well as information about Poland's alleged participation in those alleged activities. *See* Application (ECF No. 1). As explained in the United States' accompanying motion to quash and motion for a protective order, the information that Abu Zubaydah seeks is protected from disclosure by the state secrets and related statutory privileges. Accordingly, the United States respectfully requests that it be permitted to intervene to assert these privileges and seek to quash the subpoenas and move for a protective order.

UNITED STATES' MOTION TO INTERVENE - 1

## ARGUMENT

The United States is entitled to intervene as of right pursuant to Rule 24(a). Indeed, courts have routinely granted motions to intervene by the United States in order to assert the state secrets privilege. *See, e.g.*, *Crater Corp. v. Lucent Techs., Inc.*, 423 F.3d 1260, 1263 (Fed. Cir. 2005); *DTM Research, L.L.C. v. AT & T Corp.,* 245 F.3d 327, 330 (4th Cir. 2001); *Zuckerbraun v. General Dynamics Corp.*, 935 F.2d 544, 546 (2d Cir. 1991); *Mohamed v. Jeppesen Dataplan, Inc.*, 539 F. Supp. 2d 1128, 1133 (N.D. Cal. 2008); *El-Masri v. Tenet*, 437 F. Supp. 2d 530, 535 (E.D. Va. 2006).

A potential intervenor must meet four requirements to satisfy Rule 24(a): "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) (citing *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)). The Court of Appeals generally construes Rule 24(a) "liberally in favor of potential intervenors." *Id.*; *see also United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) ("[T]he requirements for intervention are broadly interpreted in favor of intervention"). Here, the United States meets all of the requirements for intervention.

First, the United States' motion to intervene is timely within the meaning of Rule

UNITED STATES' MOTION TO INTERVENE - 2

24. The Court's September 7, 2017 Order granting Abu Zubaydah's application to serve the subpoenas emphasized that "[a]ddressing the issues of classification and privilege is premature at this time," and the Court established a schedule requiring the filing of any motions to quash or motions for a protective order within 21 days after service of the subpoenas. *See* ECF No. 23 at 6-8. Abu Zubaydah served his subpoenas on October 4, 2017, thus the motion deadline is October 25, 2017. *See* Proof of Service of Subpoenas (ECF No. 24). The United States has complied with this deadline, and under these circumstances there can be no dispute that intervention is timely. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) ("Timeliness is a flexible concept; its determination is left to the district court's discretion.").

Second, the United States has a significant interest relating to the subject matter of this action. This case involves allegations concerning clandestine intelligence activities allegedly conducted by the CIA in Poland. The United States has asserted the state secrets privilege and related statutory privileges in this matter, and is hereby moving to intervene for the purpose of seeking a protective order and moving to quash the subpoenas. Because this action seeks the disclosure of information over which the United States has asserted the state secrets privilege and related statutory privileges, the United States' interest satisfies requirements of Rule 24(a). *See Mohamed*, 539 F. Supp. 2d at 1133 (granting intervention where "the United States has an important interest in this action because it involves activities allegedly overseen by the CIA").

Third, the United States' national security interests will be significantly and practically impaired if intervention is not granted. Absent the United States'

UNITED STATES' MOTION TO INTERVENE - 3

intervention, further proceedings in this matter risk the disclosure of classified national security information that is subject to the state secrets privilege, and the United States must be allowed to protect this information. *See id*. ("If the United States were not allowed to intervene, its interest in maintaining state secrets could be harmed"); *Bareford v. Gen. Dynamics Corp.*, 973 F.2d 1138, 1141 (5th Cir. 1992) ("A government department may intervene in litigation to which it is not a party and assert the [state secrets] privilege, thereby preventing either party in the litigation from obtaining sensitive government information in discovery.")

Fourth, the United States' interest is not adequately represented by the parties to this case. The intervenor's burden of showing that the existing parties may not adequately represent its interest is "minimal," and the potential intervenor "need only show that representation of its interests by existing parties 'may be' inadequate." *Southwest Ctr. for Biological Diversity*, 268 F.3d at 822-23. Here, the United States has a significant interest that Respondents Mitchell and Jessen cannot adequately represent because only the United States has the ability to assert the state secrets privilege.[1] *See*

---

[1] Even though the United States is not a respondent to the subpoenas, the United States has standing to seek to quash the subpoenas and to seek a protective order to prevent the disclosure of the United States' privileged information allegedly in the knowledge or possession of Dr. Mitchell and Dr. Jessen. *See, e.g.*, *Hawaii Reg'l Council of Carpenters v. Yoshimura*, No. CV 16-00198 ACK-KSC, 2017 WL 738554, at *2 (D. Haw. Feb. 17, 2017) (a party has standing to quash a subpoena served upon a respondent where the party asserts a claim of privilege relating to the information being

UNITED STATES' MOTION TO INTERVENE - 4

*United States v. Reynolds*, 345 U.S. 1, 7 (1953) ("The privilege belongs to the government and must be asserted by it; it can neither be claimed nor waived by a private party"). Thus, only the United States is in a position to protect against the disclosure of information over which it has asserted the state secrets privilege, and the United States is the only entity properly positioned to explain to the Court why disclosure of the information requested in Abu Zubaydah's subpoenas risks harm to the national security.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court grant its motion to intervene pursuant to Rule 24(a).[2] A proposed order is attached.

---

sought from the respondent); *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973–74 (C.D. Cal. 2010) (same).

[2] Rule 24(c) requires that a motion to intervene be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The interests of the United States are explained more fully in accompanying the motion to quash and motion for a protective order. This submission fulfills Rule 24(c)'s requirement.

UNITED STATES' MOTION TO INTERVENE - 5

| | | |
|---|---|---|
| 1 | Dated: October 24, 2017 | Respectfully submitted, |
| 2 | | CHAD A. READLER |
| 3 | | Acting Assistant Attorney General |
| 4 | | JOSEPH H. HARRINGTON |
| 5 | | Acting United States Attorney |
| 6 | | TERRY M. HENRY |
| 7 | | Assistant Branch Director |
| 8 | | *s/ Andrew I. Warden* |
| 9 | | ANDREW I. WARDEN |
| | | United States Department of Justice |
| 10 | | Civil Division, Federal Programs Branch |
| 11 | | 20 Massachusetts Avenue NW |
| | | Washington, D.C. 20530 |
| 12 | | Tel: (202) 616-5084 |
| 13 | | Fax: (202) 616-8470 |
| | | E-Mail: andrew.warden@usdoj.gov |
| 14 | | |
| 15 | | Attorneys for the United States of America |

UNITED STATES' MOTION TO INTERVENE - 6

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jerry Moberg:
jmoberg@jmlawps.com

David Klein:
David.Klein@pillsburylaw.com

John Chamberlain:
John.Chamberlain@pillsburylaw.com

*Attorneys for Petitioners*

Christopher W. Tompkins
ctompkins@bpmlaw.com

*Attorney for Respondents*

 

/s/ Andrew I. Warden
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530
Tel: (202) 616-5084
Fax: (202) 616-8470
E-Mail: andrew.warden@usdoj.gov

*Attorney for the United States*

UNITED STATES' MOTION TO INTERVENE